UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ERWIN JACKSON,

                         Plaintiff,

    v.                                          9:18-CV-1162
                                                    (BKS/DEP)

ANTHONY ANNUCCI,

                         Defendant.
_____

APPEARANCES:

ERWIN JACKSON
08-A-5175
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

BRENDA K. SANNES
United States District Judge

**DECISION AND ORDER**

**I.    BACKGROUND**

Plaintiff Erwin Jackson commenced this action by submitting a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"). Dkt. No. 1 ("Compl.").[1] By Decision and Order filed December 19, 2018, the Court considered the sufficiency of the complaint in accordance with 28 U.S.C. § 1915A(b), and dismissed plaintiff's claims for failure to state a claim upon which relief may be granted. Dkt. No. 6 ("December 2018 Order") at 12-14.

Presently before the Court is plaintiff's motion seeking reconsideration of the

---

[1] Plaintiff paid the filing fee in full and has not requested leave to proceed with this action in forma pauperis.

December 2018 Order. Dkt. No. 9 ("Motion for Reconsideration").

## II. MOTION FOR RECONSIDERATION

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.*[2] Thus, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

Plaintiff does not suggest that there has been an intervening change in the controlling law, nor has he presented new evidence which was not previously available. Therefore, the only basis for reconsideration is to remedy a clear error of law or to prevent manifest injustice.

According to plaintiff, the Court failed to consider certain of his factual and legal claims, misconstrued and misstated several of his factual claims that were considered, and applied the incorrect legal standard to his claims. *See generally*, Motion for Reconsideration.

---

[2] Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257.

After thoroughly reviewing plaintiff's motion and affording it due consideration in light of his status as a pro se litigant, the Court finds that plaintiff presents no basis for reconsideration of the December 2018 Order. The Court will, however, address two of the arguments raised by plaintiff in his Motion for Reconsideration for the sake of clarity.

First, plaintiff argues that the Court committed a legal error in finding that his complaint seeks a modification of the written order of commitment issued by the state court clerk on October 27, 2009 ("Written Order of Commitment"), in connection with plaintiff's criminal conviction, to conform that order with the oral judgment pronounced by the sentencing court on October 26, 2009 (the "Oral Order"). *See* Motion for Reconsideration at 5-6. According to plaintiff, the complaint does not seek such relief but instead seeks a determination that the "procedures and practices" of the New York State Department of Corrections and Community Supervision ("DOCCS") relative to enforcing the Written Order of Commitment against plaintiff (and not seeking to correct it) violate his constitutional rights. *Id*. at 5-7. Thus, plaintiff contends, the Court erred in concluding that one basis for dismissing his claims is that the underlying relief he seeks is a determination that he is entitled to a speedier release from imprisonment than the terms currently being imposed by DOCCS. *Id*. at 5-8.

As an initial matter, the Court fully recognized in the December 2018 Order the nature of the relief sought by plaintiff in his complaint. *See* December 2018 Order at 5, 7. Indeed, in characterizing the nature of the relief sought by plaintiff, the Court expressly stated as follows: "Plaintiff seeks declaratory and injunctive relief in the form of an order declaring that defendant Annucci and DOCCS enforce the Oral Order, rather than the Written Order of Commitment regarding plaintiff's imprisonment, and obtain an amended written order that imposes terms identical to the Oral Order." *Id*. at 7.

3

While the specific relief sought by plaintiff – in the form of an order from this Court directing DOCCS to seek correction of the Written Order of Commitment from the sentencing court – may not be a direct attack on the duration of plaintiff's sentence, plaintiff would only be entitled to his requested relief if he could establish that the Written Order of Commitment imposes incarceration terms beyond the terms imposed by the Oral Order. Thus, plaintiff's claims unquestionably seek to indirectly challenge, through this action, the duration of his confinement.

As noted in the December 2018 Order, "state prisoners [must] use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement-either **directly** through an injunction compelling speedier release or **indirectly** through a judicial determination that necessarily implies the unlawfulness of the State's custody." *See* December 2018 Order at 6 (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original)). Accordingly, the Court did not commit a legal error in determining that "the underlying relief plaintiff actually seeks is 'a determination that he is entitled to . . . a speedier release from that imprisonment[,]' *Prieser [v. Rodriguez]*, 411 U.S. [475,] 500 [(1973),]" and dismissing plaintiff's claims as not cognizable under Section 1983. December 2018 Order at 7-10 (citing, *inter alia*, *Joost v. Apker*, 476 F. Supp. 2d 284, 290 (S.D.N.Y. 2007) (adopting the view that "§ 2255 is an available vehicle for the petitioner's challenge to any variation between the sentencing court's signed J & C and the sentence that was orally pronounced")).

Second, plaintiff argues that the Court erred in finding that he bears the burden to commence a proceeding in state court regarding discrepancies between the Written Order of

4

Commitment and the Oral Order when that burden actually rests with DOCCS. *See* Motion for Reconsideration at 8, 10-12. Thus, plaintiff contends, the Court erred in concluding that his Section 1983 claims based on the alleged failure by DOCCS to commence a state court proceeding to clarify discrepancies between these orders are not cognizable. *Id*. at 10-12.

As an initial matter, the Court did not make a ruling as to who bears the burden to commence a proceeding in state court to address any alleged clerical error in the Written Order of Commitment. Rather, the Court simply held that, to the extent plaintiff's success on his claims would not result in an immediate or speedier release from prison, a dispute regarding an alleged clerical error in the Written Order of Commitment is "an issue of state law." *See* December 2018 Order at 10-11. In so ruling, the Court cited N.Y. Correction Law § 601-a, and parenthetically noted that the statute directs DOCCS to bring any sentencing irregularities to the attention of the sentencing court so that the defendant can be resentenced to comply with the law. *Id*. at 11. The Court also referenced the Article 78 proceeding brought by plaintiff prior to his commencement of this action, but did so simply to highlight that plaintiff was aware, before he commenced this action, that state court is the proper place to challenge perceived inadequacies with the Written Order of Commitment. *Id*.

To the extent it is plaintiff's contention that DOCCS has an obligation under N.Y. Correction Law § 601-a to address plaintiff's sentence (because he has brought to the attention of DOCCS officials the alleged discrepancies between the Written Order of Commitment and the Oral Order), an alleged failure by DOCCS to carry out its duties under N.Y. Correction Law § 601-a does not give rise to Section 1983 claims against defendant Annucci. Rather, plaintiff's remedy, if any, is to file an appropriate proceeding before the

5

sentencing court. *See Russ v. Fischer*, No. 13-CV-1270 (DNH/CFH), 2014 WL 3107957, at *3-5 (N.D.N.Y. June 9, 2014) (recommending dismissal of claim that "DOCCS is violating New York Correction Law § 601-a by calculating [inmate's] 2008 resentence to run consecutively to the 2001 . . . sentence, rather than concurrently with the 2001 . . . sentence" because such a claim does not present an issue of federal law), *report and recommendation adopted by* 2014 WL 3107957, at *1 (N.D.N.Y. July 8, 2014); *Matter of Jackson*, 132 A.D.3d 1038, 1039-1040 (N.Y. App. Div. 2015). Accordingly, the Court did not commit a legal error in determining that plaintiff's claim that the Written Order of Commitment is incorrect and must be amended is not cognizable under Section 1983.

Based upon the foregoing, and a review of the relevant law and its application to the facts of this case, the Court concludes that its previous decision was legally correct and did not work a manifest injustice. Thus, plaintiff's motion for reconsideration of the December 2018 Order is denied in its entirety.

In light of his pro se status, plaintiff is granted an extension of time to comply with the December 2018 Order. Therefore, plaintiff must, within thirty (30) days of the filing date of this Decision and Order, file an amended complaint in accordance with the requirements set forth in the December 2018 Order. If plaintiff fails to timely submit an amended complaint, this action will be dismissed without prejudice without further order of the Court.

### III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for reconsideration (Dkt. No. 9) is **DENIED** in all respects; and it is further

**ORDERED** that if plaintiff wishes to proceed with this action, he must file an amended complaint as explained in the December 2018 Order **within thirty days** from the date of the filing of this Decision and Order; and it is further

**ORDERED** that if plaintiff submits an amended complaint, this matter be returned to the Court for further review; and it is further

**ORDERED** that if plaintiff fails to file an amended complaint **within thirty days** from the filing date of this Decision and Order, the Clerk is directed to enter Judgment indicating that this action is dismissed without prejudice, without further order of this Court; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court.  **<u>Plaintiff is also required to promptly notify, in writing, the Clerk's Office and all parties or their counsel of any change in plaintiff's address; his failure to do so may result in the dismissal of this action</u>**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: April 8, 2019
Syracuse, NY

Brenda K. Sannes
U.S. District Judge