UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ERWIN JACKSON,

                 Plaintiff,

  v.                                                     9:18-CV-1162
                                                            (BKS/DEP)

ANTHONY ANNUCCI, et al.,

                 Defendants.

---

APPEARANCES:

ERWIN JACKSON
08-A-5175
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

BRENDA K. SANNES
United States District Judge

## DECISION AND ORDER

## I.    INTRODUCTION

Plaintiff Erwin Jackson commenced this action pro se by filing a civil rights complaint. Dkt. No. 1 ("Compl.").[1] By Decision and Order filed December 19, 2018, the Court considered the sufficiency of the complaint in accordance with 28 U.S.C. § 1915A(b), and dismissed plaintiff's claims for failure to state a claim upon which relief may be granted. Dkt. No. 6 ("December 2018 Order") at 12-14. In light of his pro se status, plaintiff was afforded an opportunity to submit an amended complaint. *Id*.

---

[1] Plaintiff timely paid the filing fee in full and did not request leave to proceed with this action in forma pauperis.

On or about December 28, 2018, plaintiff filed a motion for reconsideration of the December 2018 Order.  See Dkt. No 9.  By Decision and Order filed April 8, 2019, the Court denied plaintiff's motion for reconsideration.  Dkt. No. 14 ("April 2019 Order").

Presently before this Court is plaintiff's amended complaint.  Dkt. No. 15 ("Am. Compl.").

## II. DISCUSSION

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915A(b) was discussed at length in the December 2018 Order and it will not be restated in this Decision and Order.  See December 2018 Order at 2-4.

In the original complaint, plaintiff asserted claims against the Acting Commissioner of the New York State Department of Corrections and Community Supervision ("DOCCS") Anthony Annucci based on allegations that DOCCS is wrongfully enforcing against him a written order of commitment issued on October 27, 2009, by the state court clerk in the criminal proceeding giving rise to his incarceration ("Written Order of Commitment"), even though that order is inconsistent with the judgment of the sentencing court orally pronounced on October 26, 2009 (the "Oral Order").  See generally, Compl.  Plaintiff claimed that he contacted defendant Annucci, along with two other DOCCS officials, and requested that they "execute and enforce the orally pronounced judgments of the court" with respect to his prison sentence, and his request was ignored.  Id. at 15.  Plaintiff sought only declaratory and injunctive relief.  Id. at 1-3, 16-18.

The Court liberally construed the complaint to assert Fourth, Eighth, and Fourteenth Amendment claims, which were conditionally dismissed without prejudice for failure to state a claim upon which relief may be granted.  See December 2018 Order at 12-13.

Plaintiff has submitted an amended complaint which asserts individual and official capacity claims against defendant Annucci and Sentencing Review Coordinator Diane H. Holford, based on materially similar allegations to those made in the original complaint. *Compare* Compl. *with* Am. Compl.[2] The amended complaint specifically alleges that defendant Annucci has implemented "unconstitutional policies, procedures, and practices" related to disregarding claims and complaints made by prisoners related to discrepancies between an orally pronounced and written sentence, which actions violate plaintiff's First and Fourteenth Amendment rights. *See* Am. Compl. at 2-5. The amended complaint also alleges that the failure by defendants Annucci and Wolford to enforce the terms of the Oral Order and/or take steps to correct the Written Order of Commitment to make it consistent with the Oral Order, despite their awareness of inconsistencies between these orders, has denied plaintiff a meaningful opportunity to be heard regarding his contention that he is "being detained and punished . . . in the absence of a final and complete (re)sentence being imposed by a judge of the court." *Id*. at 6-10.

As in the original complaint, plaintiff's amended complaint seeks as non-monetary relief a declaration that defendant Annucci's policies and practices relative to enforcement of the Written Order of Commitment and shifting the burden to plaintiff to seek a correction of the order is/was unconstitutional, and an injunction enjoining defendant Annucci and his subordinates from continuing to enforce these policies and practices, and the Written Order

---

[2] The amended complaint contains new exhibits, asserts new constitutional claims, and advances new theories of liability, including that plaintiff may recover money damages based on the enforcement of the Written Order because that order is "a nullity whereby removing the protected shield of absolute immunity from the defendants." Am. Compl. at 11. However, the claims asserted in the amended complaint are, like the claims in the original complaint, based on allegations that (1) the Written Order of Commitment is inconsistent with the Oral Order, (2) plaintiff has notified defendants Annucci and Wolford of the inconsistences between the Written Order of Commitment and the Oral Order, and (3) DOCCS officials have failed to "investigate [his] grievances [ ]or sought to correct the unambiguous discrepancies [between these orders.]" Am. Compl. at 2-7.

of Commitment. *Compare* Compl. at 17-18 *with* Am. Compl. at 13. In addition, plaintiff requests monetary relief based on his contention that the Written Order of Commitment is "a nullity" because it was issued after the re-sentencing proceedings terminated. Am. Compl. at 11. Each of plaintiff's requests for relief require a determination that the Written Order of Commitment is improper and unenforceable.

As noted in both the December 2018 Order and April 2019 Order, plaintiff's claimed entitlement to a modification, or discontinued enforcement, of the Written Order of Commitment is a challenge -- albeit indirectly -- to the duration of his confinement as currently imposed. *See* December 2018 Order at 7-10; April 2019 Order at 4. As also noted in these orders, any alleged clerical error in the Written Order of Commitment is an issue of state law. *See* December 2018 Order at 10-12; April 2019 Order at 5. In other words, a Section 1983 action is not the proper forum for challenging the validity and/or enforceability of the Written Order of Commitment. Thus, plaintiff's allegations simply do not give rise to any cognizable claim(s) under Section 1983.

In short, after reviewing plaintiff's amended complaint, and according it the utmost liberality in light of his pro se status, the Court is not able to discern either a factual or legal basis for this action. For all of the reasons set forth herein and in the December 2018 Order, and because plaintiff has already had one opportunity to amend his claims, this action is dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted pursuant to Section 1983.[3]

---

[3] Although plaintiff's federal constitutional claims are dismissed with prejudice, plaintiff is free to pursue any available state law claims in the appropriate state court.

### III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the Clerk shall update the docket to name Diane H. Holford, Sentencing Review Coordinator, as a defendant; and it is further

**ORDERED** that this action alleging federal claims under Section 1983 is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.[4] The Clerk is directed to terminate all of the defendants and close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED**.

Dated: May 8, 2019
Syracuse, NY

Brenda K. Sannes
U.S. District Judge

---

[4] Generally, when a district court dismisses a *pro se* action *sua sponte*, the plaintiff will be allowed to amend his action. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where the plaintiff has already been afforded the opportunity to amend. *See Shuler v. Brown*, No. 9:07-CV-0937 (TJM/GHL), 2009 WL 790973, at *5 & n.25 (N.D.N.Y. March 23, 2009) ("Of course, an opportunity to amend is not required where the plaintiff has already amended his complaint."), *accord*, *Smith v. Fischer*, No. 9:07-CV-1264 (DNH/GHL), 2009 WL 632890, at *5 & n.20 (N.D.N.Y. March 9, 2009); *Abascal v. Hilton*, No. 9:04-CV-1401 (LEK/GHL), 2008 WL 268366, at *8 (N.D.N.Y. Jan.13, 2008); *see also Yang v. New York City Trans. Auth.*, 01-CV-3933, 2002 WL 31399119, at *2 (E.D.N.Y. Oct. 24, 2002) (denying leave to amend where plaintiff had already amended complaint once); *Advanced Marine Tech. v. Burnham Sec., Inc.*, 16 F. Supp. 2d 375, 384 (S.D.N.Y. 1998) (denying leave to amend where plaintiff had already amended complaint once); *cf. Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial of leave to amend not abuse of discretion movant has repeatedly failed to cure deficiencies in pleading).